## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

DIRECTV, INC.,

        Plaintiff,

vs.                                          No. CIV 03-0054 JB/LFG

JAMES PENROD, SCOTT CHUMPELIK,
MARK CRAWFORD, CLAYTON CRIBBS,
DANIEL MILLER, JOEL RANGEL,
DAVID ROCHA and GARY WHITMORE,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff DIRECTV's Motion to Compel Mark Crawford to Respond to Discovery Requests, filed February 11, 2004 (Doc. 40). The primary issues are: (i) whether the Court should compel discovery responses from Defendant Mark Crawford; (ii) whether the Court should deem Crawford to have admitted each of DIRECTV's requests for admission; (iii) and whether the Court should order Crawford to reimburse DIRECTV for its attorneys' fees and costs in bringing this motion. Because Crawford has apparently not responded to DIRECTV's requests or to this motion, the Court will grant the motion.

## PROCEDURAL BACKGROUND

On January 10, 2003, DIRECTV filed a Complaint against the Defendants. The Complaint alleged that several of the Defendants purchased and used devices that allowed them to view DIRECTV signals without paying for that privilege. See Complaint ¶¶ 5-6, 15-22, at 3, 6-10. DIRECTV asserted that the Defendants' actions violated 47 U.S.C. § 605(e)(3)(c), 18 U.S.C. § 2511, 18 U.S.C. § 2512, and 47 U.S.C. § 605(e)(4). See id. ¶¶ 28-45, at 12-15. The Complaint also

sought damages for conversion and injunctive relief.  See id. ¶¶ 46-54, at 15-16.

On December 1, 2003, DIRECTV served Crawford with interrogatories and requests for production.  See Certificate of Service at 1, filed December 1, 2003 (Doc. 33).  Crawford's answers to interrogatories and responses to requests for production were due no later than January 5, 2004.  See Amended Provisional Discovery Plan at 2, filed July 14, 2003 (Doc. 21).  As of the date that DIRECTV filed this motion, Crawford's responses were approximately five weeks overdue.  See Motion to Compel at 1.

On December 19, 2003, DIRECTV served Crawford with requests for admission.  See Certificate of Service, filed December 19, 2003 (Doc. 34).  Therefore, Crawford's answers to the requests for admission were due no later than January 21, 2004.  See Amended Provisional Discovery Plan at 2.  As of the date that DIRECTV filed this motion, Crawford's responses were approximately three weeks overdue.  See Motion to Compel at 1.

As far as the Court is aware, Crawford has not answered any of DIRECTV'S discovery requests.  Nor has Crawford contacted DIRECTV's counsel for an extension of time in which to do so.  See id. at 2.

DIRECTV moves the Court to enter an order compelling Crawford to respond to DIRECTV's interrogatories, requests for production, and requests for admission.  See id. at 1. DIRECTV also requests that the Court order Crawford to reimburse DIRECTV for its attorneys' fees and costs in bringing this motion.  See id. at 2.  Finally, DIRECTV asks the Court to treat all of its requests for admissions as having been admitted.  See id.  Crawford did not respond to this motion.

## APPLICABLE LAW REGARDING DISCOVERY

Under rule 37(d) of the Federal Rules of Civil Procedure,

If a party . . . fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

Fed. R. Civ. P. 37(d).  Actions authorized under subparagraphs rule 37(b)(2) include:

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

Fed. R. Civ. P. 37(b)(2)(A)-(C).  Furthermore, "the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d).  The party that fails to act "may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c)." Id.  Furthermore, "mere failure to respond to discovery is sufficient to justify" sanctions other than dismissal.  See Dellums v. Powell, 566 F.2d 231, 235 (D.C. Cir. 1977).

## ANALYSIS

Crawford's failure to respond to DIRECTV's discovery requests is sufficient ground to warrant a court order compelling the production of the documents and answers to interrogatories. Further, it is sufficient ground to award monetary sanctions against Crawford because there is no evidence to suggest that Crawford's failure to reply was substantially justified, nor are there other circumstances making an award of expenses unjust. Finally, Crawford's failure to respond is sufficient to treat all of DIRECTV's requests for admission as admitted. Crawford has not filed a motion for a protective order with regard to any discovery request that would bar the imposition of such measures.

Accordingly, the Court will order Crawford to respond to DIRECTV's requests for production and interrogatories, and to reimburse DIRECTV for its attorney's fees incurred in bringing this motion to compel. In addition, the Court will order that all of DIRECTV's requests to Crawford for admission will be deemed admitted.

**IT IS ORDERED** that the Plaintiff DIRECTV's Motion to Compel Mark Crawford to Respond to Discovery Requests is granted. Crawford is ordered to respond to DIRECTV's interrogatories and requests for production. The Court finds that Crawford is deemed to have admitted each of DIRECTV's requests for admission. Crawford is required to reimburse DIRECTV for its attorneys' fees and costs incurred in bringing this motion.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

Freddie Black
Greer, Herz & Adams, L.L.P.
Galveston, Texas

– and –

William C. Scott
Stan N. Harris
Valerie V. Vigil
Anna E. Tuttle
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Mark Crawford
Albuquerque, New Mexico

      *Pro se Defendant*

Joel Rangel
Farmington, New Mexico

      *Pro se Defendant*

David Rocha
Santa Fe, New Mexico

      *Pro se Defendant*

Alan E. Whitehead
Farmington, New Mexico

      *Attorney for Defendant Clayton Cribbs*
      (Suspended)