IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DIRECTV, INC.,

    Plaintiffs,

vs.  No. CIV 03-0054 JB/DJS

JAMES PENROD, SCOTT CHUMPELIK,
MARK CRAWFORD, CLAYTON CRIBBS,
DANIEL MILLER, JOEL RANGEL,
DAVID ROCHA and GARY WHITMORE,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiff, DIRECTV, Inc.'s Amended Motion to Extend Discovery Deadline, filed January 8, 2004 (Doc. 38). Plaintiff DIRECTV, Inc. has not requested a hearing or ruling on this motion, and the Defendants have not responded to this motion. While the request may be moot, the Court will grant the motion to move this case closer to a final resolution.

**PROCEDURAL BACKGROUND**

In 2002 and 2003, DIRECTV filed a series of twenty-four separate cases against more than 150 Defendants. On July 23, 2003, the Honorable Lorenzo F. Garcia, Chief United States Magistrate Judge, entered an Order consolidating all of these cases for pretrial purposes. See Order Consolidating Cases for Pretrial Case Management Only, Vacating Settings and Deadlines, and Setting New Pretrial Deadlines ("Consolidation Order") at 1-3, filed July 23, 2003 (Doc. 26). Chief Judge Garcia found that all of the cases arose under the same basic allegation: The "Defendants surreptitiously intercepted [DIRECTV]'s satellite television signal by the use of unauthorized

electronic de-scrambler devices and accessed the signal without the payment of a subscriber fee, all in violation of federal law." Id. at 1-2. The separate cases shared common theories of relief and would therefore require many of the same witnesses to be deposed and the same documents to be discovered. See id. at 2. Chief Judge Garcia ordered that the separate cases be consolidated for pretrial matters to expedite the ultimate disposition of these cases and reduce the costs and burden of litigation. See id. The Consolidation Order established January 22, 2004 as the deadline for termination of discovery in the consolidated cases. See id.

DIRECTV filed its Amended Motion to Extend Discovery Deadline ("Amended Motion to Extend") on January 8, 2004. DIRECTV represented that, as of that date, eighty of the more than 150 Defendants in the consolidated cases had settled or were in default. See Amended Motion to Extend at 1. DIRECTV informed the Court that it needed to depose the remaining approximately seventy Defendants. See id.

DIRECTV asserted that it has been diligently working to meet the discovery deadline in these cases. See id. DIRECTV maintained that it sent its initial and expert disclosures, interrogatories, requests for admissions, and requests for production to all named Defendants in these cases more than thirty days before the close of the current discovery period. See id. at 2. DIRECTV explained that it has received several responses to the interrogatories, the requests for admission, and the requests for production that it has propounded on all Defendants, and in many cases, granted extensions to the Defendants who had requested more time to respond to discovery requests. See id.

On December 24, 2003, DIRECTV sent a letter to all defense counsel and pro se Defendants, requesting that they contact DIRECTV and provide a date, between the 5th and 22nd of January 2004, on which the Defendants would be available for deposition. See id. See also Letter from William C.

Scott to William C. Fleming at 1 (executed December 24 2003).  DIRECTV stated that, of the approximately seventy letters that it sent, it received a response from only five Defendants.  See Amended Motion to Extend at 2.  DIRECTV represented that, in January 2004, it sent notices for depositions to the Defendants who failed to respond to DIRECTV's request for a deposition time.  See id.  To comply with the two-week requirement for noticing a deposition, DIRECTV noticed depositions for the 20th, 21st, and 22nd of January.  See id.  DIRECTV maintained that it was not possible for it to depose all approximately seventy remaining Defendants by the current deadline of January 22, 2004.  See id.

DIRECTV moved the Court for an order extending the discovery deadline established by the Consolidation Order.  See id. at 3.  DIRECTV requested that the Court extend the discovery deadline until April 22, 2004, so that it could depose the remaining Defendants in the consolidated cases.  See id.  According to DIRECTV, it did not contact remaining counsel to seek their concurrence on this motion because of the size of these consolidated cases and the lack of cooperation that DIRECTV had received in connection with its efforts to schedule depositions.  See id. at 2.

**LAW ON EXTENDING DISCOVERY DEADLINES**

Rule 16(b) provides that a court shall enter a scheduling order limiting, among other things, the time to complete discovery.  "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge."  Fed. R. Civ. P. 16(b).  Rule 16(b) focuses on whether the movant could not have reasonably met the deadline despite its diligence.  See Advisory Committee Notes to 1983 Amendment to Fed. R. Civ. P. 16(b) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.").  See also O'Connell v. Hyatt Hotels, 357 F.3d 152, 154 (1st Cir. 2004)(citation

omitted); Leary v. Daeschner, 349 F.3d 888, 906 (6th Cir. 2003)(citation omitted); Grochowski v. Phoenix Construction, Ypsilon Construction Corp. Inc., 318 F.3d 80, 86 (2d Cir. 2003)("A finding of good cause depends on the diligence of the moving party." (citing Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000)); S&W Enters. v. Southtrust Bank of Ala., 315 F.3d 533, 535 (5th Cir. 2003); Sosa v. Airprint Sys., 133 F.3d 1417, 1418 (11th Cir. 1998)(per curiam)("This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" (citation omitted)); Johnson v. Mammoth Recreations, 975 F.2d 604, 609 (9th Cir. 1992)("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment.").

## ANALYSIS

The Court finds that good cause exists to extend the time for discovery because the deadline of January 22, 2004, could not have reasonably been met despite DIRECTV's diligence. DIRECTV attempted to contact the Defendants about a month before the discovery deadline and asked them to provide it with dates that would be convenient for deposition. See Amended Motion to Extend at 2. Two weeks later, DIRECTV filed its motion after having heard back from only five and after it became clear that deposing approximately seventy Defendants in the time remaining would be nearly impossible. See id. At the same time, DIRECTV noticed depositions for January 20-22, 2004. See id.

The lack of cooperation on the part of almost all of the Defendants, combined with their sheer numbers, gives rise to good cause. DIRECTV cannot depose all of the Defendants in the time allotted when the Defendants have failed to make minimal efforts to aid the discovery process. It is fair and equitable that the Court grant DIRECTV an additional 90 days for discovery, which will give

DIRECTV a little more than a day for each remaining uncooperative Defendant. If the parties need more time to complete discovery, they may approach the Court.

**IT IS ORDERED** that Plaintiff, DIRECTV, Inc.'s Amended Motion to Extend Discovery Deadline is granted and the discovery deadlines are extended to April 22, 2004. If the parties need more time to conduct discovery, the parties may approach the Court for a further extension.

                                                                                              _____
                                                                                              UNITED STATES DISTRICT JUDGE

Counsel:

Freddie Black
Greer, Herz & Adams, L.L.P.
Galveston, Texas

– and –

William C. Scott
Stan N. Harris
Valerie V. Vigil
Anna E. Tuttle
Modrall Sperling Roehl Harris & Sisk PA
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Mark Crawford
Albuquerque, New Mexico

    *Pro se Defendant*

Joel Rangel
Farmington, New Mexico

    *Pro se Defendant*

David Rocha

Santa Fe, New Mexico

> *Pro se Defendant*

Alan E. Whitehead
Farmington, New Mexico

> *Attorney for Defendant Clayton Cribbs*
> (Suspended)